FILED - LN
September 9, 2010 11:27 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:\_\_\_\_/\_\_\_\_ SCANNED BY AD /9-10

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>IPC PRINT SERVICES, INC., )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>**1:10-cv-886**<br>**Robert Holmes Bell**<br>**U.S. District Judge**<br><br>COMPLAINT AND<br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Derek Nelson who was adversely affected by such practices. As alleged with greater particularity in paragraph 8, the Commission alleges that Defendant IPC Print Services, Inc. violated the Americans with Disabilities Act by failing to provide Derek Nelson with a reasonable accommodation and discharging him from employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, IPC Print Services, Inc. (the "Employer"), has continuously been a Michigan corporation doing business in the State of Michigan and the City of St. Joseph, and has continuously had at least fifteen employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Derek Nelson filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least January 23, 2009, Defendant Employer has engaged in unlawful employment practices at its St. Joseph, Michigan facility, in violation of Sections 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A). The practices include failing to provide Derek Nelson with a reasonable accommodation in the form of continued part-time work and discharging him from employment based on its short term disability policy.

9. The effect of the practices complained of in Paragraph 8 above has been to deprive Derek Nelson of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

10. The unlawful employment practices complained of in Paragraph 8 above are and were intentional.

11. The unlawful employment practices complained of in Paragraph 8 above are and were done with malice or with reckless indifference to the federally protected rights of Derek Nelson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from failing to provide a reasonable accommodation to any qualified individual with disability, from discharging qualified individuals with disabilities because of their disabilities and/or application of its short term disability policy, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant Employer to institute and carry out policies, practices, and

programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant to make whole Derek Nelson by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstating Derek Nelson to his former position with the concomitant seniority rights and vacation benefits, or alternatively, providing appropriate front pay to compensate Derek Nelson for the salary differential between his former and current position and reinstating his seniority and vacation benefits.

    D.    Order Defendant Employer to make whole Derek Nelson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 8 above, including but not limited to job search expenses and health insurance/COBRA premiums, in amounts to be determined at trial.

    E.    Order Defendant Employer to make whole Derek Nelson by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, in amounts to be determined at trial.

    F.    Order Defendant Employer to pay Derek Nelson punitive damages for its malicious and reckless conduct, as described in Paragraph 8 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

G.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

*/s/ Deborah M. Barno/*

DEBORAH M. BARNO (P44525)
Supervisory Trial Attorney

*/s/ Trek K. Carethers/*

TREK K. CARETHERS (P57016)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

DETROIT FIELD OFFICE
Patrick V. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Tel. No. (313) 226-2449

Dated: September 9, 2010