UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

                                          File No.  1:10-CV-886

v.

                                          HON. ROBERT HOLMES BELL

JOURNAL DISPOSITION CORPORATION,

        Defendant.

_____/

## O P I N I O N

This matter comes before the Court on a motion to add party(s) filed by Plaintiff Equal Employment Opportunity Commission ("EEOC").  (Dkt. No. 24.)  For the reasons that follow, the motion will be denied.

### I.

On September 9, 2010, Plaintiff filed suit against Defendant IPC Print Services, Inc., (now known as Journal Disposition Corporation), alleging violations of the Americans with Disabilities Act.  On December 10, 2010, IPC Print Services changed its name to Journal Disposition Corporation.  The same day, IPC Acquisition Corporation ("IPCAC") purchased the assets of Defendant Journal Disposition Corporation.[1]  The purchase was guaranteed by IPCAC's corporate parent, Walsworth Publishing Company, Inc.

---

[1]IPCAC subsequently changed its name to IPC Print Services, Inc. (Dkt. No. 37, Pl.'s Reply Br., Ex. 1.)  For purposes of avoiding confusion in this opinion, the Court will continue to refer to it as IPCAC.

Plaintiff has moved to add IPCAC and Walsworth as parties to this action on the basis that they have continued the operations of Defendant in all material ways, their inclusion would not strip the court of jurisdiction, and because, without them, complete relief cannot be granted.

Rule 19(a) of the Federal Rules of Civil Procedure provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a).

Plaintiff's complaint includes requests for injunctive relief. Specifically, Plaintiff seeks a permanent injunction prohibiting Defendant from discriminating on the basis of disability, and requiring Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals with disabilities and which eradicate the effects of past and present unlawful employment practices. Plaintiff contends that because Defendant has ceased operations, the Court does not have the ability to render complete relief unless IPCAC and Walsworth are added as parties. Plaintiff contends that although IPCAC purchased the assets, Walsworth, IPCAC's parent corporation, should also be added as a party because the successor corporation is commonly referred to by its employees and in news articles as IPC Walsworth. Plaintiff contends that there is at least a factual dispute as to Walsworth's role in the purchase and in the day-to-day operations of IPCAC.

The Court will consider IPCAC and Walsworth separately. A parent corporation may not be held liable as a successor corporation solely on the basis that its subsidiary may be a successor corporation. *Bestfoods v. Aerojet-General Corp.*, 173 F. Supp.2d 729, 757 (W.D. Mich. 2001). Plaintiff has presented no evidence of Walsworth's own activities that would make it a successor corporation. Although Walsworth was identified in the Asset Purchase Agreement, it was not identified as a buyer. (Dkt. No. 29, Ex. C, APA.) IPCAC was the only buyer identified in the Asset Purchase Agreement. IPCAC alone purchased the assets and assumed liabilities under the Agreement. (APA §§ 1.1, 1.3) Walsworth's role in the agreement was that of guarantor, as reflected in § 2.1 ("The Purchase Price shall be payable by Buyer and/or Walsworth . . . .") and § 7.5 ("Walsworth has sufficient funds . . . available to pay the Purchase Price . . . .").

The Court next turns to Plaintiff's contention that IPCAC is a successor corporation. As a general rule, a corporation that purchases the assets of another corporation does not, without more, assume the debts and liabilities of the selling corporation. *Stevens v. McLouth Steel Prod. Corp.*, 433 Mich. 365, 370-71 (1989); *Bestfoods v. Aerojet-General Corp.*, 173 F. Supp. 2d 729, 757 (W.D. Mich. 2001). However, in the context of labor and employment law, successor liability is determined not by corporate law, but by equitable principles developed under federal labor cases. *See Cobb v. Contract Transport, Inc.*, 452 F.3d 543, 551 (6th Cir. 2006) (discussing successor liability under the FMLA). The liability of a successor corporation in labor and employment cases is determined on a case by case basis

by analyzing the interests of the new employer and the employees and the policies behind the particular legal obligation at issue. *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1091 (6th Cir. 1974).

The following factors are relevant to the question of successorship in the labor context:

> 1) whether the successor company had notice of the charge, 2) the ability of the predecessor to provide relief, 3) whether there has been a substantial continuity of business operations, 4) whether the new employer uses the same plant, 5) whether he uses the same or substantially the same work force, 6) whether he uses the same or substantially the same supervisory personnel, 7) whether the same jobs exist under substantially the same working conditions, 8) whether he uses the same machinery, equipment and methods of production and 9) whether he produces the same product.

*Id.* at 1094. These factors are not in themselves the test for successor liability. They are "factors in an overarching, three-part test considering the *equities* of imposing a particular legal obligation on a successor: (1) the interests of the plaintiff-employee, (2) the interests of the defendant-employer, and (3) the federal policy goals of the statute." *Grace v. USCAR*, 521 F.3d 655, 672 (6th Cir.2008) (emphasis in original).

As to the first factor, Plaintiff contends that Defendant had actual or constructive notice of the pending lawsuit pursuant to Schedules 4.7 and 4.13 of the Agreement which identified pending or threatened litigation. Plaintiff has not presented copies of these schedules despite having succeeded on its motion to compel their production. (Dkt. No. 49, Order to Compel.) Plaintiff contends, however, that IPCAC would have at least had constructive notice because this suit was filed before the asset sale. As to the second factor,

4

Plaintiff contends that because Defendant is no longer in operation, it is no longer able to provide the relief requested.

As to the third through ninth factors, Plaintiff has presented evidence that IPCAC purchased substantially all of the assets of Defendant. IPCAC produces the same products produced by Defendant, uses the same equipment, inventory, vendors and suppliers used by Defendant, and services the same clients serviced by Defendant. (Ex. C, Asset Sale and Purchase Agreement; Ex. D, Nelson Decl.) IPCAC offered employment to all of Defendant's active employees, so IPCAC's work force is nearly identical to Defendant's workforce. (Nelson Decl.)

There is no question that there has been a continuity of business operations between Defendant and IPCAC that satisfies the third through ninth *MacMillan* factors. Defendant nevertheless contends that IPCAC should not be added as a party because IPCAC was not on notice of its potential liability. IPCAC only assumed certain specified liabilities under the Agreement, and claims relating to any of Defendant's employees that were incurred before the effective date of the Agreement were not among the liabilities assumed. (APA § 1.3).

In *Finnerty v. Wireless Retail, Inc*., 624 F. Supp.2d 642 (E.D. Mich. 2009), the plaintiff alleged discriminatory termination by a predecessor company, and sought monetary and equitable relief under a theory of successor liability from the company that purchased the predecessor company's assets. The purchasing company had notice of the employee's claim, but the notice it received excluded liability for any of the plaintiff's claims. While

5

recognizing that a corporation cannot merely contract away successor liability, *id.* at 654 n.3, the court determined that the notice factor strongly supported a finding that successor liability was not appropriate. *Id.* at 657. The court found that although there was a continuity of business operations, the balance of the equities suggested that the imposition of successor liability under the facts of that case was wholly inappropriate. *Id.* at 664.

Defendant contends that this case mirrors *Finnerty* because IPCAC expressly excluded liability for this claim in the Asset Purchase Agreement, Defendant continues to function as a separate entity and is defending the case without any assistance from IPCAC or Walsworth, and the purchase price, which was negotiated at arms length, excluded the cost of Plaintiff's claims. *See id.*

The Court agrees that the balance of the interests of the employee, IPCAC, and the federal policy goals of the statute favors denying Plaintiff's motion to add parties. Mr. Nelson, the employee who was terminated from his position in the maintenance department, is currently employed by IPCAC in the mail room, and he turned down an opportunity to apply for a position in the maintenance department. Accordingly, his interest in equitable relief is insubstantial at best, and there is no evidence to suggest that Defendant is unable to cover any damages that may be awarded in this action. IPCAC has an interest in not being required to defend a claim that it had no responsibility for creating. The federal policy goal of prohibiting discrimination on the basis of disability would not be furthered by imposing successor liability on IPCAC because there is no evidence that IPCAC has actively adopted

6

Defendant's allegedly discriminatory policies, and the Asset Purchase Agreement specifically reserved to IPCAC the power to change all "benefit plans, programs and arrangements" outside of employee salaries.  There is no reason to believe that IPCAC will fail to enact programs and policies that are consistent with the ADA in the absence of injunctive relief.

      For the reasons stated, Plaintiff's motion to add parties will be denied.

      An order consistent with this opinion will be entered.


Dated: <u>October 27, 2011</u>            <u>/s/ Robert Holmes Bell</u>
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE